UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HUNTER,<br><br>    Plaintiff,<br><br>v.<br><br>S. ODOM,<br><br>    Defendant. | Case No. 19-cv-00847-JST<br><br>**ORDER OF SERVICE** |

# INTRODUCTION

Plaintiff, an inmate at California State Prison – San Quentin ("SQSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

# DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

According to the complaint, on or about July 2017, Plaintiff was hired by Defendant Odom to work in a paid position as a building porter. For the next three months, Plaintiff performed his building porter duties without incident, mostly under the supervision of Officer Harrison. Then Defendant Odom informed Plaintiff that he had fired Plaintiff three months earlier because Plaintiff filed too many grievances and because Plaintiff had threatened to file a grievance to obtain supplies that Plaintiff needed to do his job. When Plaintiff asked why Defendant Odom had not informed him earlier that he had been fired, Defendant Odom responded, "I am telling you now" and he also threatened to have Plaintiff moved out of the building if Plaintiff filed any more grievances. Plaintiff filed another grievance and was moved out of the building. ECF No. 1 at 5–6.

**C.     Legal Claims**

Plaintiff claims that Defendant Odom's actions constituted slavery, breach of contract, and negligence, and that they violated his right to equal protection and to be free from cruel and unusual punishment. He also states that he is bringing his claims pursuant to the Bane Act, Cal. Civ. Code § 52.1.

Plaintiff has failed to state a cognizable claim for slavery. Prisoners who are duly tried,

2

convicted and sentenced for the commission of a crime have no federally protected right not to work since the Thirteenth Amendment does not protect against involuntary servitude where one is convicted of a crime. *See Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963). Inmates may be required to work in accordance with prison rules. *See Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994). Similarly, Plaintiff has failed to state an Eighth Amendment claim. The Eighth Amendment's prohibition on cruel and unusual punishment does not prohibit prison officials from requiring an inmate to perform physical labor unless the labor is beyond their strength, endangers their lives or health, or causes undue pain. *Id.* Because amendment of these claims would be futile, the Court DISMISSES Plaintiff's Thirteenth Amendment and Eighth Amendment claim with prejudice. *See Plumeau v. Sch. Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Plaintiff also fails to state an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.,* 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Where state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish an equal protection "class of one" claim by demonstrating that the state actor (1) intentionally (2) treated him differently than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). Plaintiff has not pled any facts indicating that Defendant Odom's actions were motivated by discriminatory intent, whether based on Plaintiff's membership in a protected class

3

or as a "class of one." Because it appears possible that Plaintiff may be able to correct this deficiency, the Court will dismiss this equal protection claim with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to *pro se* plaintiffs") (citation omitted). If Plaintiff chooses to amend his complaint and re-plead this cause of action, he must proffer enough facts to state a plausible claim that Defendant Odom's actions were motivated by discriminatory intent. If Plaintiff is attempting to assert a class-of-one equal protection claim, he must identify with specificity who the "similarly situated" inmates are in comparison to whom Plaintiff was treated differently without a rational basis. *See Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

Nor has Plaintiff stated a claim for breach of contract or for negligence. Under California law, the elements of a cause of action for breach of contract are (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) the resulting damages to the plaintiff. *Oasis West Realty*, *LLC v. Goldman*, 51 Cal. 4th 811, 821 (Cal. 2011). Plaintiff has not pled facts from which it can be reasonably inferred that he and Defendant Odom entered into a contract that prohibited Defendant Odom from taking the alleged actions, such as firing Plaintiff at will. Because it appears possible that Plaintiff may be able to correct this deficiency, the Court will dismiss the breach of contract claim with leave to amend. *See Lopez*, 203 F.3d at 1130.

The elements of a negligence claim under California law are: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (citing *McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (2008)). Defendant Odom did not have a duty to allow Plaintiff to work as a porter, or to inform Plaintiff that his employment as a porter had ended. Because

4

amendment of this claim would be futile, the Court DISMISSES Plaintiff's negligence claim with prejudice. *See Plumeau*, 130 F.3d at 439.

However, Plaintiff's allegation that Defendant Odom retaliated against him for filing grievances by removing him from his job and out of the building states a cognizable claim for First Amendment retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). The right of access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Thus, a prisoner may not be retaliated against for using such procedures. *See Rhodes*, 408 F.3d at 567.

In addition, Plaintiff's allegation that Defendant Odom threatened or intimidated him in order to interfere with his First Amendment right to use the prison grievance system states a cognizable claim for violation of the Bane Act. "California's Bane [Civil Rights] Act provides a private right of action under state law for damages and injunctive relief where a person 'interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.'" *Green v. City and Cty. of San Francisco*, 751 F.3d 1039, 1044 n.4 (9th Cir. 2014) (quoting Cal. Civ. Code § 52.1(a)). To prevail on a Bane Act claim, a plaintiff must show "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (Cal. 1998); *see also Venegas v. Cty. of Los Angeles*, 32 Cal. 4th 820, 843 (Cal. 2004) (the provisions of § 52.1 do not extend to "ordinary tort actions" but "are limited to threats, intimidation or coercion that interfere with a constitutional or statutory right").

**CONCLUSION**

1. The Court DISMISSES the Thirteenth Amendment claim, the Eighth Amendment

5

claim, and the negligence claim with prejudice. The Court DISMISSES the equal protection claim and the breach of contract claim with leave to amend. The Court finds that Plaintiff's allegation that Defendant Odom retaliated against him for filing grievances by removing him from his job and moving him out of the building states a cognizable claim for First Amendment retaliation, and that Plaintiff's allegation that Defendant Odom threatened or intimidated him in order to interfere with his First Amendment right to use the prison grievance system states a cognizable claim for violation of the Bane Act, Cal. Civ. Code § 52.1(a).

2.  If Plaintiff chooses to file an amended complaint, he must file the amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-00847 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claims which the Court has already found cognizable, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. Failure to file an amended complaint in accordance with this order in the time provided will result in the initial complaint remaining the operative complaint, and this action proceeding solely on the First Amendment retaliation claim and the Bane Act claim found cognizable above. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

3.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendant S. Odom at **San Quentin State Prison** at **Main Street, San Quentin, CA 94964**.

A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

4.  In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this Order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and

7

documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in his motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

/ / /

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: April 9, 2019



JON S. TIGAR
United States District Judge